United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BERNADETTE REED,

       Plaintiff,

  v.

UBS SECURITIES, LLC,

       Defendant.

_____/

No. C 09-5237 MHP

**MEMORANDUM & ORDER**

**Re:  Defendant's Motion to Dismiss FEHA Claim**

     Plaintiff Bernadette Reed brought this action against defendant UBS Securities, LLC alleging claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the California Fair Employment and Housing Act ("FEHA"), the Family and Medical Leave Act ("FMLA"), and Section 6(d) of the Fair Labor Standards Act of 1938 ("Equal Pay Act").  Now before the court is defendant's motion to dismiss plaintiff's FEHA claim for failure to exhaust administrative remedies.  The court finds this motion suitable for decision without oral argument.  Civil L.R. 7-1(b).  Having considered the parties' submissions, the court enters the following memorandum and order.

BACKGROUND

     Plaintiff began working as an Associate Director in the San Francisco office of Prime Brokerage Sales, a unit of UBS Securities, LLC, in August 2006.  Docket No. 17 (Charge of Discrimination ("Charge")) ¶ 2.  She went on maternity leave beginning December 11, 2007, and returned to work on April 4, 2008.  *Id.* ¶¶ 5, 16.  While on maternity leave, plaintiff learned that her 2007 bonus was 60% less than her 2006 bonus despite positive evaluations of her work, *id.* ¶¶ 6-7,

**United States District Court**
For the Northern District of California

1    that she had not been promoted to Director although two male colleagues hired after her were

2    promoted, *id.* ¶¶ 10-11, and that she had neither been considered nor recommended for the elite

3    ASCENT program designed for senior Associate Directors and first year Directors, *id.* ¶ 13.

4    Defendant terminated plaintiff's position on May 6, 2008.  *Id.* ¶ 20.  Plaintiff attributes her reduced

5    bonus, lack of promotion and termination to discrimination on account of her gender and pregnancy.

6         On March 2, 2009, plaintiff filed a discrimination charge against defendant with the New

7    York district office of the Equal Employment Opportunity Commission ("EEOC").  Charge.

8    Plaintiff did not specify any information in the field titled "State or local Agency, if any" on the

9    EEOC charge form; however, the Charge specifically states, immediately above plaintiff's signature

10   on the front page, that she "want[s] this charge field with both the EEOC and the State or local

11   Agency, if any."  *Id.*  Moreover, the Charge discusses plaintiff's employment at defendant's San

12   Francisco office, and many, if not all, of the discriminatory acts are alleged to have occurred in

13   California.  *Id.* ¶¶ 2-21.  The front page of the Charge lists plaintiff's residence as Moraga,

14   California.  *Id.*  In August 2009, plaintiff received a right-to-sue letter from the EEOC.  Docket No.

15   1 (Complaint) ¶ 6.

16

17   LEGAL STANDARD

18        A plaintiff who seeks to bring a FEHA action must first exhaust her administrative remedies.

19   *Romano v. Rockwell Int'l Inc.*, 14 Cal. 4th 479, 492 (1996).  In order to exhaust administrative

20   remedies, a plaintiff must file a complaint with the DFEH within one year from the date upon which

21   the alleged unlawful conduct occurred.  Cal. Gov't Code § 12960(b) & (d).  The DFEH must issue a

22   right-to-sue letter upon completion of its investigation of the complaint and not later than one year

23   after the initial filing of the complaint.  *Id.* § 12965(b).  The plaintiff must ordinarily obtain a right-

24   to-sue letter to bring a FEHA claim.  *Romano*, 14 Cal. 4th at 492 (to exhaust administrative

25   remedies, an employee must file a complaint with DFEH and receive a DFEH right-to-sue notice).

26

27

28

2

**United States District Court**
For the Northern District of California

DISCUSSION

Plaintiff admits that she did not actually file a complaint with the DFEH; instead, she argues that she constructively did so by filing a charge of discrimination with the EEOC's New York office.

The EEOC is authorized to enter into written agreements with "State and local agencies charged with the administration of State fair employment practices laws" regarding the processing of discrimination claims. 42 U.S.C. §§ 2000e-4(g)(1), 2000e-8(b). Such State and local agencies are referred to as Fair Employment Practices Agencies, or FEPAs. The EEOC has formed such an agreement with the DFEH. *Downs v. Dep't of Water & Power*, 58 Cal. App. 4th 1093, 1097 (1997) ("The EEOC and the DFEH [have] each designated the other as its agent for receiving charges and agreed to forward to the other agency copies of all charges potentially covered by the other agency's statute."); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (charge filed with DFEH deemed filed with EEOC pursuant to a work-sharing agreement between the two entities).

According to EEOC regulations, a charge of discrimination may be made at any EEOC office, 29 C.F.R. § 1601.8, and when the EEOC receives a charge alleging an employment practice that is prohibited by State law and a State agency has been authorized to grant or seek relief from this unlawful practice, the EEOC is to transmit a copy of the charge to that State agency, *id.* § 1601.13(a). *See also* U.S. EEOC, Fair Employment Practices Agencies (FEPAs and Dual Filing), http://www.eeoc.gov/employees/fepa.cfm (last visited August 2, 2010) ("If the charge is initially filed with EEOC and the charge is also covered by state or local law, EEOC dual files the charge with the state or local FEPA (meaning the FEPA will receive a copy of the charge), but ordinarily retains the charge for processing."). The EEOC's website notes that different EEOC field offices have different FEPAs within their jurisdictional areas, but does not contradict the regulatory statement that a charge filed with any EEOC office will be referred to the relevant State agencies. *Cf. id.* ("To determine if there is a FEPA in your area, please see the information for your nearest EEOC field office, which lists the FEPAs in its jurisdictional area.").

Plaintiff argues that the EEOC's New York office should have cross-filed her charge with the DFEH because the DFEH is both a designated FEPA and a party to a work-sharing agreement with

3

**United States District Court**
For the Northern District of California

1    the EEOC.  *See Schuler v. PricewaterhouseCoopers, LLP*, 514 F.3d 1365, 1373-74 (D.C. Cir. 2008)

2    (work-sharing agreements are formed with the EEOC as a whole, not individual EEOC district

3    offices).  She claims that both the regulation and the EEOC website state that plaintiff could file her

4    complaint with any EEOC office and it would be transmitted to the relevant State agency if the

5    alleged unlawful complaint was prohibited by State law.

6        Numerous cases have found that filing with the DFEH is sufficient to notify the EEOC.  *See*

7    *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008) (failure to obtain right-to-sue

8    letter is not jurisdictional with respect to Title VII claims if DFEH claim filed); *Iniguez v. Boyd*

9    *Corp.*, No. 1:08-CV-1758-AWI-DLB, 2009 WL 2058529, at *4 (E.D. Cal. July 14, 2009) (charges

10   filed with state agency are sufficient for Title VII claims).  The issue here is whether filing with the

11   EEOC is sufficient to notify the DFEH.

12       "What effect California law accords the filing of an administrative complaint with the EEOC

13   is not settled."  *Archuleta v. American Airlines, Inc.*, No. CV-00-1286-MMM (SHX), 2000 WL

14   656808, at *7 (C.D. Cal. May 12, 2000).  However, numerous cases indicate that filing a charge with

15   one agency is deemed a filing with the other because "[t]he EEOC and the DFEH each designated

16   the other as its agent for receiving charges."  *Downs*, 58 Cal. App. 4th at 1097; *see Negus v. Abbott*

17   *Critical Care*, No. C 94-20112 RMW, 1994 WL 721597, at *5 (N.D. Cal. Dec. 21, 1994) (Whyte, J.)

18   ("'[t]he EEOC and DFEH operate under an agreement whereunder complaints filed with one agency

19   are crossfiled with the other.'"); *Archuleta*, 2000 WL 656808, at *5 ("A plaintiff satisfies the

20   [FEHA] exhaustion requirement by filing a complaint with either the EEOC or the DFEH.  This is

21   because the filing with one is deemed to be filing with the other.").

22       This presumption is further strengthened where the plaintiff specifies her intent that the

23   EEOC complaint be cross-filed with California state agencies.  *See Schuler*, 514 F.3d at 1369

24   (plaintiff specified intent on EEOC charge); *Negus*, 1994 WL 721597, at *5 (plaintiff indicated the

25   DFEH as the appropriate "State or Local Agency" in his EEOC charge); *Archuleta*, 2000 WL

26   656808, at *7 (plaintiff specified that his EEOC complaint pertained to both the DFEH and the

27   EEOC).

28                                                  4

United States District Court

For the Northern District of California

1    Here, plaintiff's EEOC charge indicates that plaintiff "want[s] this charge field with both the

2    EEOC and the State or local Agency, if any" and discusses in detail the alleged discriminatory acts,

3    all of which appear to have taken place in defendant's San Francisco office.  Charge ¶¶ 2-21.

4    Plaintiff also listed her home address as Moraga, California.  *Id.*  Although plaintiff could have

5    specified her intent regarding cross-filing with the DFEH more clearly, her general cross-file request

6    and factual summary in the charge were sufficient to put the EEOC on notice to cross-file her charge

7    with the DFEH.  Indeed, there is no dispute that the face of the charge specifies that numerous

8    allegedly discriminatory acts occurred in California.  Therefore, the filing of plaintiff's charge with

9    the EEOC is deemed filed with DFEH as of March 2, 2009.  *See* 29 C.F.R. § 1626.10 ("When a

10   worksharing agreement with a State agency is in effect, the State agency will act on certain charges

11   and the Commission will promptly process charges which the State agency does not pursue.

12   Charges received by one agency under the agreement shall be deemed received by the other agency

13   for purposes of [timeliness of the charge].").

14   Defendant's reliance upon *Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718,

15   1726-27 (1994), is unpersuasive.  Although plaintiff there had argued at trial that a dual filing

16   agreement exists between the EEOC and the DFEH such that the filing of a complaint with one

17   could be deemed a filing with the other, because she did not renew this argument on appeal, the

18   Court of Appeal specifically refrained from addressing the issue.  *Martin* declined to address the

19   effect of the worksharing agreement between the two agencies; however, federal law addressing the

20   issue in the Title VII context is well-settled, namely, that filing with one agency is deemed filing

21   with the other.

22   This holding does not render superfluous work-sharing agreements between specific state

23   agencies and the EEOC.  The charge here specifies that most, if not all, of the allegedly

24   discriminatory acts occurred in California.  Therefore, it should have been clear to the EEOC that the

25   charge should be cross-filed with the relevant California state agencies.  Whether plaintiff may later

26   choose to file a civil action is irrelevant to the EEOC's analysis.  Since this holding moots the lack

27   of notice from the EEOC or the DFEH regarding the cross-filing, the court now turns to plaintiff's

28

failure to produce a right-to-sue letter from the DFEH.  *See Romano*, 14 Cal. 4th at 492 (an employee must file a complaint with the DFEH and receive a right-to-sue notice prior to commencing a civil action under FEHA).

The failure to produce a right-to-sue letter is not determinative.  In *Grant v. Comp USA, Inc.*, 109 Cal. App. 4th 637 (2003), the DFEH had initially issued a right-to-sue letter; however, it later withdrew the letter prior to plaintiff's commencement of the civil action.  The California Court of Appeal found that "[t]he passage of one year without administrative resolution removed any duty to request a second right-to-sue notice; therefore employee's lack of diligence in this regard does not bar her civil action."  *Id.* at 650.  The court then held that "the failure by the DFEH to issue a right-to-sue notice after one year does not preclude a determination that employee has exhausted her administrative remedies."  *Id.* at 651.  Defendant's citations to the contrary are inapposite.  *See Miller v. United Airlines Inc.*, 174 Cal. App. 3rd 878, 890 (1985) (finding administrative exhaustion to be jurisdictional where no EEOC or DFEH charge was filed); *Downs*, 58 Cal. App. 4th at 1099 n.2 (equitable tolling applies to FEHA statute of limitations while plaintiff pursues EEOC administrative remedies); *Okoli v. Lockheed Tech. Ops. Co.*, 36 Cal. App. 4th 1607, 1613 (1995) (plaintiff barred from pursing retaliation claim where he never filed a charge alleging retaliation with any state or federal agency).  As found above, plaintiff's charge is deemed filed with the DFEH on March 2, 2009.  The DFEH failed to respond within one year.

Consequently, plaintiff has exhausted her DFEH administrative remedies by filing with the EEOC.  She should now proceed to obtain a right-to-sue letter from the DFEH and amend her complaint accordingly.  In view of this holding, the court does not reach plaintiff's equitable tolling argument.

/////
/////
/////
/////
/////

CONCLUSION

Based on the present record and for the foregoing reasons, defendant's motion to dismiss plaintiff's FEHA claim is DENIED.  If plaintiff intends to proceed with her FEHA claim she should obtain a right-to-sue letter from DFEH and amend her complaint within sixty (60) days of the date of the filing of this order.

IT IS SO ORDERED.

Dated: August 3, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**United States District Court**
For the Northern District of California

7